# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## KIM BROWN v. GOSSETT KIA-HYUNDAI SOUTH
### D/B/A GOSSETT KIA SOUTH AND GOSSETT HYUNDAI SOUTH

**An Appeal from the Circuit Court for Shelby County**
**No. CT-004018-12     James F. Russell, Judge**

**No. W2013-01415-COA-R3-CV - Filed December 5, 2013**

Appellant filed his Notice of Appeal of an order of the trial court which failed to adjudicate all claims.  We dismiss the appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

HOLLY M. KIRBY, J. ALAN E. HIGHERS, P.J., W.S., AND DAVID R. FARMER, J.

Kim Brown, Memphis, Tennessee, Appellant, Pro Se.

Edward M. Bearman, Memphis, Tennessee, for the Appellee, Gossett Kia-Hyundai South d/b/a Gosset Kia South and Gossett Hyundai South.

## MEMORANDUM OPINION[1]

On September 14, 2012, Plaintiff/Appellant Kim Brown ("Plaintiff") filed a complaint for damages against Defendant/Appellee Gossett Kia-Hyundai South d/b/a Gossett Kia South and Gossett Hyundai South ("Gossett") alleging several causes of action.  The gravamen of the complaint is that promotional materials sent to Plaintiff and discussions he had with agents of Gossett led him to believe that he had won a prize, when he had not actually won a prize.  Plaintiff's complaint alleged that Gossett had committed fraud, negligent

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

misrepresentation, breach of oral and written contract, and three violations of the Tennessee Consumer Protection Act ("TCPA"), Tennessee Code Annotated § 47-18-101, *et seq*. As damages, Plaintiff alleged that he suffered embarrassment, humiliation, emotional distress, and other emotional injuries. For each count in the complaint, Plaintiff requested a minimum of $18 million in damages plus an award of attorney fees. Under some causes of action, Plaintiff also requested punitive damages and treble damages.

In response, Gossett denied the allegations in the complaint. It also brought a counterclaim against Plaintiff pursuant to the TCPA, Section 47-18-109(e)(2), for attorney fees and expenses incurred in defending the action, alleging that the lawsuit is frivolous. That statute provides:

> In any private action commenced under this section, upon finding that the action is frivolous, without legal or factual merit, or brought for the purpose of harassment, the court may require the person instituting the action to indemnify the defendant for any damages incurred, including reasonable attorney's fees and costs.

Tenn. Code Ann. § 47-18-109(d)(2).

On July 2, 2013, the trial court entered three separate orders that purported to resolve all issues before the court. The trial court denied Plaintiff's motion for summary judgment, denied Plaintiff's motion to amend his complaint, and granted Gossett's motion to dismiss the complaint pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure. The record on appeal, however, does not reflect that the trial court adjudicated Gossett's counterclaim against Plaintiff.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assocs. v. Jones***, 783 S.W.2d 553, 559 (Tenn. 1990). Clearly, the order appealed in this matter is not a final judgment, because Gossett's counterclaim has not been adjudicated. Thus, this Court does not have jurisdiction, and we must dismiss this appeal.

## Conclusion

For the foregoing reasons, we dismiss this appeal for lack of jurisdiction. Costs of this appeal are taxed to the Appellant, Kim Brown, for which execution may issue if necessary.

**PER CURIAM**